■ In the Matter of HAVERSTRAW PARK, INC., Respondent-Appellant, v. CHAPEL HILL HOMES, INC., Appellant-Respondent.— In a proceeding to discharge two mortgages pursuant to section 1921 of the Real Property Actions and Proceedings Law, (a) respondent in the proceeding (appellant-respondent on this appeal) appeals from an order of the Supreme Court, Westchester County, dated January 11, 1971, which discharged the mortgages, and (b) petitioner cross-appeals from so much of the order as directed the payment of $8,615.55 to appellant-respondent. Order modified, on the law and the facts, by deleting subdivision (a) of the second decretal paragraph thereof and adding thereto a provision directing petitioner to assign to appellant-respondent its rights in an $11,145 deposit posted with the Spring Valley Water Company. As so modified, order affirmed, without costs. This determination is without prejudice to any application at Special Term with respect to the $1,000 award to the Referee which has been deleted by this decision. This action to discharge two mortgages totaling $351,560 involves an agreement dated November 6, 1969 between the parties which provided that the petitioner-mortgagor was entitled to subtract from the amount due under the mortgages certain costs involved in the development of the real property which is the subject of the mortgages. Following a reference to hear and report, Special Term found that, by virtue of the credits obtained as a result of these costs, the principal of the mortgages was fully paid, but also found that $7,895.55 in interest was due to appellant-respondent. Although we find the Referee's report to be deficient with respect to findings of fact as to the extent of petitioner's offsets and as to the computation of interest, we find the record to be sufficient to make such findings and have done so. We have construed the agreement to provide that petitioner is entitled to offset against the amount due under the mortgages the sums which have been incurred as well as expended by petitioner in developing the property and that these offsets are to be applied against interest as well as principal. We have determined that petitioner is entitled, in addition to items which are not specifically set forth herein, to offsets for $32,943.38 in security posted with the Orange & Rockland Utilities, Inc., for $23,760 paid to the Town of Haverstraw for sewer hookup charges, and for an $11,145 deposit with the Spring Valley Water Company. With respect to the major items in dispute we have credited petitioner as follows: County Asphalt — $67,456.20; Sappah Construction — $85,778; Schremer Bros.— $7,610.92; and T.B.M.— $3,392.25. We find that the proof adduced establishes total offsets by petitioner in the sum of $397,893.40. This sum includes a total of $272,463.99

in paid obligations, $72,440.55 in incurred obligations and $52,988.86 for profit and overhead. We have computed the interest due under the mortgages not only on the basis of the arbitrary figure of $140,000 chosen by the parties but upon the remaining $211,560, as adjusted by offsets to the extent that petitioner has established the date of incurrence or payment of such sums. We find that the total interest due under the mortgages is $13,481.55. This sum includes $7,895.55 in interest on $140,000, and $5,586 in adjusted interest on $211,560 for the period from December 15, 1969 to October 22, 1970. We therefore find that the total amount due under the mortgages, including principal and interest, is $365,041.55 and that, by applying petitioner's offsets, the mortgages are fully paid. We hold further, that in fulfilling its obligation pursuant to the agreement of February 5, 1970 to pay over to appellant-respondent the $32,943.38 security deposited with Orange & Rockland Utilities, Inc., upon the release of such security, petitioner may offset $32,851.85 which constitutes the excess of its credits over and above the amount due under the mortgages. Finally, we hold that pursuant to the agreement of November 6, 1969, appellant-respondent is entitled to an assignment of petitioner's rights to the $11,145 deposit posted with the Spring Valley Water Company. Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.